FILED 5/11/2020 1:59 PM
2020-DCL-02163 / 42882158
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

CAUSE NO._____

2020-DCL-02163

| | | |
|---|---|---|
| **ALEJANDRO ORTIZ** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Cameron County - 444th District Court |
| | § | |
| **V.** | § | ____ **JUDICIAL DISTRICT** |
| | § | |
| **CESAR MARTINEZ PEREZ,** | § | |
| **JESUS ANTONIO BENITEZ d/b/a** | § | |
| **TRANSPORTES BENITEZ S.A. DE** | § | |
| **C.V., and JAMS LOGISTICS LLC** | § | |
| **d/b/a BENITEZ TRANSPORT** | § | |
| **Defendants** | § | **CAMERON COUNTY, TEXAS** |

---

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES TO DEFENDANTS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES,** Plaintiff **ALEJANDRO ORTIZ,** and files this Plaintiff's Original Petition complaining of Defendants **CESAR MARTINEZ PEREZ,JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. and JAMS LOGISTICS LLC d/b/a BENITEZ TRANSPORT,** for causes of action, Plaintiff would show as follows:

**I.**
## DISCOVERY CONTROL PLAN LEVEL

1.1     Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**
## DISCOVERY INCLUDED

2.1     This Petition includes Plaintiff's Requests for Disclosure, Requests for Admission, Request for Production, and First Set of Interrogatories to Defendants.

**III.**

## PARTIES AND SERVICE

3.1     Plaintiff **ALEJANDRO ORTIZ** is an individual and resident of Cameron County, Texas.

3.2     Defendant **CESAR MARTINEZ PEREZ (hereinafter referred as "PEREZ")** is an individual and resident of Reynosa, Mexico.  Defendant may be served with process by serving the Chairperson of the Texas Transportation Commission, Tryon D. Lewis, at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Defendant's residence located at C. Rigoberto Garza Cantu 517 Col Luis Donaldo Colosio Murrieta, 88639 Reynosa, Tamps., Mexico or wherever Defendant PEREZ may be found.

3.3     Defendant **JESUS ANTONIO BENITEZ d/b/a TRANSPORTES BENITEZ S.A. DE C.V. (hereinafter referred as "TRANSPORTES BENITEZ")** is a Foreign Entity domiciled in Reynosa, Mexico, and conducting business in the State of Texas.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving its registered agent, Raul Leonel Garza Martinez at 709 Toronto Street, Apt E5, McAllen, Texas 78503.

3.4     Defendant **JAMS LOGISTICS LLC d/b/a BENITEZ TRANSPORT (hereinafter referred as "JAMS")** is a domestic company stationed in Texas and is organized under the laws of the State of Texas.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving its registered agent, Jesus A. Benitez Saenz at 2100 N. Jackson, Ste. D, Hidalgo, Texas 78557, its registered office.  Service of said Defendant as described above can be effected by certified mail.

## IV.
## JURISDICTION AND VENUE

4.1     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the Defendants are Texas residents.

4.2     Venue in CAMERON County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

4.3     Pursuant to Tex. R. Civ. Pro. 47(c), Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.  Plaintiff pleads for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

## V.
## FACTUAL BACKGROUND
### The Collision

5.1     This lawsuit concerns a motor vehicle collision that occurred on January 15, 2019. At the time of the collision, Mr. Ortiz was driving his 2014 Jeep Cherokee, which was involved in a collision with a 2002 International tractor truck (VIN No. 2HSCGAERX2C025633) driven by Defendant PEREZ while under the authority and control of Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. and/or Defendant JAMS LOGISTICS LLC d/b/a BENITEZ TRANSPORT.  Defendant TRANSPORTES BENITEZ is the registered owner of the 2002 International tractor truck involved in the collision, which was towing a trailer owned by and registered to Defendant JAMS LOGISTICS LLC d/b/a BENITEZ TRANSPORT.

5.2     The vehicular collision occurred on a Tuesday afternoon near the intersection of 100 N. Frontage Road of Hwy 77, and 1700 Boca Chica Blvd., within the city limits of

Brownsville, Cameron County, Texas.  N. Frontage Road consists of two southbound lanes and two turning lanes.  Prior to the collision, the Defendant's trailer was traveling directly behind the Plaintiff's vehicle in the inside southbound lane of traffic.  The incident ensued when Defendant PEREZ failed to control his speed and rear-ended the Plaintiff's vehicle.  Due to the force of the impact, Plaintiff's sustained severe bodily injuries and property damages.

5.3    The collision was investigated by Officer Sigifredo Martinez Jr., (Badge No. 3650), of the Brownsville Police Department.  Officer Martinez reported that ***"Unit 1*** [Plaintiff's vehicle] ***stopped at a red light in the middle lane on the 100 Blk of N. Frontage Rd.  facing south.  Unit 2*** [Defendant Perez's vehicle] Towing Unit 3 [Defendant Jams' Trailer] ***traveling south on the 100 Blk of N. Frontage Rd.  Approaching Unit 1 from behind.  Units 2 and 3 unable to stop on time crashes into Unit 1.  Unit 2 driver*** [Defendant Perez] ***at fault and cited for crash."***  The following excerpt is from Officer Jackson's crash report:



5.4     As illustrated above, Officer Martinez found that Defendant PEREZ was solely responsible for causing this collision due to his "failure to control speed" and cited him accordingly.

The Employment Relationship Between the Defendants and The Resulting Vicarious Liability

5.5     At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Defendant PEREZ was an employee of Defendant TRANSPORTES BENITEZ and/or Defendant JAMS, who was acting within the course and scope of his

employment.  In this regard, Defendant PEREZ was an employee insofar as the master-servant relationship under common law is concerned.

    5.6    Alternatively, and at all relevant times herein, Defendant PEREZ was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier (such as Defendant TRANSPORTES BENITEZ and/or Defendant JAMS) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendants, including Defendant TRANSPORTES BENITEZ and/or Defendant JAMS, had exclusive control of the tractor truck which Defendant PEREZ was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, Defendant TRANSPORTES BENITEZ and/or Defendant JAMS, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Defendant PEREZ.

    5.7    Alternatively, Defendant TRANSPORTES BENITEZ and/or Defendant JAMS, is vicariously liable with respect to all negligence of Defendant PEREZ under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

Spoliation

    5.8    Defendant TRANSPORTES BENITEZ and/or Defendant JAMS is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant TRANSPORTES BENITEZ and/or Defendant JAMS hired, qualified, and retained DEFENDANT PEREZ as a truck driver. At all times relevant to this lawsuit, DEFENDANT

PEREZ was acting in the course and scope of his actual and/or statutory employment with Defendant TRANSPORTES BENITEZ and/or Defendant JAMS.

5.9     Upon information and belief, DEFENDANT PEREZ had a cell phone and/or a tablet, iPad, or other mobile device with him in the truck. This cell phone and/or tablet, iPad, or other mobile device contains relevant data, including but not limited to:

1.     Data showing whether the driver was on the phone, texting, watching a video, using an app, or otherwise using the phone or device;

2.     Location data showing where the device was located at various points in time, which can be used to audit the driver's logs and claimed route;

3.     Data showing whether the driver was making an input into the device at the time of the crash;

4.     Data showing whether the driver was using an app at the time of the crash;

5.     Texts and e-mails from the driver, including relevant communications with the trucking company and potentially communications regarding the crash.

5.10     This relevant data will be destroyed if the Court does not grant a temporary restraining order and temporary injunction. Every second that the phone, tablet, iPad, or other mobile device is turned on and in service, the device and its apps are downloading data. Because the device has a finite amount of storage, the downloaded data overwrite the existing, relevant data. If the Court does not grant injunctive relief relevant evidence will be forever destroyed.

5.11     The tractor involved in the crash (VIN No. 2HSCGAERX2C025633) also contains a crash data recorder (also known as a "black box"). The crash data recorder contains relevant data regarding the crash made in the basis of this lawsuit. That data will likely be deleted if Defendant TRANSPORTES BENITEZ is allowed to return the truck to service without first allowing a download of the data.

<u>The Injuries</u>

5.5     Plaintiff suffered physical and emotional injuries as a result of this collision including, but not limited to, cervical, thoracic, and lumbar sprains/strains, three 2mm posterior disc herniations at C3-C4, C4-C5, C6-C7, a 2.3mm posterior disc herniation at C5-C6, 2mm disc bulge at L4-L5, and a 5mm posterior disc herniation at L5-S1.  Plaintiff has undergone physical therapy, daily medications, two cervical epidural steroid injections, and two bilateral lumbar epidural steroid injection to attempt to control the pain caused by the injuries sustained in this vehicular collision.   In all reasonable probability, Plaintiff will continue to incur medical expenses to alleviate his pain, including, but not limited to, anterior cervical discectomy and fusion surgery, and/or a laminectomy and discectomy surgery, physical therapy, and medication. Plaintiff was healthy prior to this collision and did previously not suffer from any of the aforementioned injuries or pain described herein.

## VI.
### PLAINTIFF'S CLAIM FOR
### – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST CESAR MARTINEZ PEREZ–

6.1     Defendant TRANSPORTES BENITEZ and/or Defendant JAMS are the responsible party defendants for the actions of their employee, Defendant PEREZ, acting within the course and scope of his employment.

6.2     Under the doctrine of *respondeat superior*, Defendant TRANSPORTES BENITEZ and/or Defendant JAMS, are vicariously liable for the actions of their employee, Defendant PEREZ, while in the course and scope of his employment.  The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant TRANSPORTES BENITEZ and/or Defendant JAMS's employee, which consisted of, but are not limited to, the following actions and omissions:

A.     Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     Placing Plaintiff in a position of peril due to Defendant's lack of due care and exercise of ordinary prudence of a person of Defendant's maturity and capacity under similar circumstances;

C.     Failing to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the roadway in violation of Tex. Tranp. Code § 545.351, constituting negligence per se;

D.     Failing to apply brakes to a motor vehicle in a timely and prudent manner;

E.     Failing to exercise reasonable care to protect the safety of others who are using the roadways;

F.     Failing to take evasive action to avoid colliding with other vehicles on the roadway;

G.     Failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

H.     Failing to maintain a safe distance between two vehicles; and

I.      Operating a tractor trailer in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

J.      Failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

K.     Failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

L.     Operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

M.     Failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

N.     Drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15.

6.3     The above actions and omissions committed by the Defendants constitute negligence and/or gross negligence as described herein and were the proximate cause of the subject collision and the injuries and damages sustained by the Plaintiff.

6.4     At the time of the collision, Plaintiff was acting as an ordinary prudent person and exercised ordinary care under the circumstances described herein.   The collision was not expected by the Plaintiff, and Plaintiff committed no actions or omissions that caused, or contributed to causing, the collision underlying this suit.

## VII.
## PLAINTIFF'S CLAIM FOR
## – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. AND/OR DEFENDANT JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT–

### A. *RESPONDEAT SUPERIOR*

7.1     Defendant TRANSPORTES BENITEZ and/or Defendant JAMS are liable under the doctrine of *Respondeat Superior* in that Defendant PEREZ was operating  Defendant TRANSPORTES BENITEZ's tractor truck, towing Defendant JAMS' trailer, in the course and scope of his employment with Defendants, TRANSPORTES BENITEZ and/or JAMS, at the time of the collision.

7.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant PEREZ, was within the course and scope of his employment with Defendant TRANSPORTES BENITEZ and/or Defendant JAMS.

7.3     At the time of the occurrence of the act in question and immediately prior thereto, Defendant PEREZ was engaged in the furtherance of Defendant TRANSPORTES BENITEZ and/or Defendant JAMS' business.

7.4     At the time of the occurrence of the act in question and immediately prior thereto, Defendant PEREZ was engaged in accomplishing a task for which Defendant PEREZ, was employed.

7.5     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendants TRANSPORTES BENITEZ and JAMS.

**B. NEGLIGENCE**

7.6     Defendant TRANSPORTES BENITEZ and/or Defendant JAMS was also independently negligent in one or more of the following respects:

      a.     negligent hiring of Defendant PEREZ;
      b.     negligent entrustment of the vehicle/trailer to of Defendant PEREZ;
      c.     negligent driver qualifications;
      d.     negligent training and supervision of Defendant PEREZ;
      e.     negligent retention of Defendant PEREZ
      f.     negligent contracting; and
      g.     negligent maintenance.

7.7     As described herein Defendant TRANSPORTES BENITEZ and/or Defendant JAMS were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

7.7     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

**C. GROSS NEGLIGENCE**

7.8     The above-referenced acts and/or omissions by Defendants constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas

CIVIL PRACTICE & REMEDIES CODE.  Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

7.9    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

7.10    Defendants had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

7.11    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VIII.
## PLAINTIFF'S CLAIM FOR DAMAGES

8.1    As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in localities in which they were incurred;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past and in the future;

D.    Physical impairment and deformity in the past and which, in all reasonable probability, will continue to be suffered by the Plaintiff in the future;

E.    Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future;

F.    Mental anguish in the past and in the future; and

G.    Past and future lost wages.

8.2.    In addition, as a result of the collision, Plaintiff has incurred expenses for medical treatment and such expenses are continuing to accrue as of the filing of this petition.  All of these expenses are reasonable and customary in the localities in which they were incurred.

8.3    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that Plaintiff will require further medical treatment and will incur future reasonable and necessary expenses.  These medical treatments may include, but are not limited to, anterior cervical discectomy and fusion surgery, and/or a laminectomy and discectomy surgery, physical therapy, and medication.

**EXEMPLARY DAMAGES**

8.4    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.   The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

8.5    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury of their peer.

**IX.**
**REQUEST FOR DISCLOSURES TO DEFENDANTS CESAR MARTINEZ PEREZ, JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., AND DEFENDANT JAMS LOGISTICS LLC**

9.1     Pursuant to Rule 194, **each** of the above listed Defendants are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for the Plaintiff located at 2401 Wild Flower Dr., Suite A, Brownsville, Texas 78526.  Further, pursuant to Rule 190, Defendants are requested to disclose, within 50 days after service of this request, the information or material described in Rule 190.2(b)(6) at the address of the attorney for Plaintiff.

## X.
### PLAINTIFF'S FIRST SET FOR INTERROGATORIES TO DEFENDANTS CESAR MARTINEZ PEREZ, JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., AND DEFENDANT JAMS LOGISTICS LLC

10.1     Plaintiff propounds the following **separate** set of Interrogatories to Defendant CESAR MARTINEZ PEREZ,     Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and Defendant JAMS LOGISTICS LLC pursuant to Rule 197 of the Texas Rules of Civil Procedure. Defendants are instructed to answer the following Interrogatories separately, fully, and under oath with an affidavit verifying that Defendants' answers are true and correct, as required by Rule 197.2.  Defendants' responses to the interrogatories below are due to Plaintiff's counsel's address within 50 days from service of these Interrogatories.   Demand is made that Defendants supplement their answers to these Interrogatories as required by Rule 193.5.

_INSTRUCTIONS/DEFINATIONS FOR ANSWERING PLAINTIFF'S FIRST SET OF INTERROGATORIES_

1.     Identifying a Person.  When an interrogatory asks you to "identify" a person, provide the information listed below, to the extent known, with respect to the person:

    a.  The person's full name;
    b.  Present or last known address;
    c.  Telephone number; and

d.  The present or last known place of employment and job title when referring to a natural person.

2.  <u>Identifying a Document.</u>  When an interrogatory asks you to "identify" a document, provide the information listed below, to the extent known, with respect to the document.

   a.  The type of document;
   b.  The general subject matter of the document;
   c.  The date of the document;
   d.  The names and addresses of the authors and recipients of the document;
   e.  The location of the document;
   f.  The identity of the person who has possession or control of the document; and
   g.  Whether the document has been destroyed, and if so, (a) the date of its destruction; (b) the reason for its destruction; (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

3.  <u>Identifying Electronically Stored Information.</u>  When an interrogatory asks you to "identify" electronically stored information, provide the information listed below, to the extent known, with respect to the information.

   a.  The format of the electronically stored information;
   b.  The general subject matter of the electronically stored information;
   c.  The date of the electronically stored information;
   d.  The names and addresses of the authors and recipients of the electronically stored information;
   e.  The location of the electronically stored information;
   f.  The identity of the person who has possession and control of the electronically stored information; and
   g.  Whether the electronically stored information has been destroyed, and if so (a) the date of its destruction; (b) the reason for its destruction; (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

4.  <u>Identifying a Tangible Thing.</u>  When an interrogatory asks you to "identify" a tangible thing, provide the information listed below, to the extent known, with respect to the information.

   a.  The type of the tangible thing;
   b.  A general description of the tangible thing;
   c.  The date of creation of the tangible thing;
   d.  The creator and owner of the tangible thing;
   e.  The location of the tangible thing;
   f.  The identity of the person who has custody of the tangible thing and

       g.  Whether the tangible thing has been destroyed, and if so (a) the date of its destruction; (b) the reason for its destruction; (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

5.  <u>Describing an Act or Transaction.</u>  When an interrogatory asks you to "describe" an act or transaction, provide the information listed below, to the extent known, with respect to the act or transaction.

       a.  The date the act or transaction occurred;
       b.  The place the act or transaction occurred;
       c.  The identity of each person participating in the act or transaction and on whose behalf the person was acting;
       d.  The nature and substances of all communications that occurred in connection with the act or transaction; and
       e.  The identity of all materials referring to  or reflecting the act or transaction;

6.  <u>Specifying a Date</u>. When an interrogatory asks you to "specify" a date, to the extent known, state the exact day, month and year and state the narrowest approximate time frame.

7.  <u>You & Your.</u>  The terms "you" and "your" means CESAR MARTINEZ PEREZ and/or JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. and/or JAMS LOGISTICS LLC, their agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, representatives, attorneys, experts and other persons acting or purporting to act on their behalf.

8.  <u>Communication.</u>  The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise. It includes, but is not limited to any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, e-mail, letter, correspondence, note, telegraph, advertisement, or any other form of transaction, whether oral or written.

9.  <u>All/Each.</u>  The terms "all" and "each" should be construed as "and", "each" and "and/or".

10.  <u>And/Or.</u>  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.  <u>Statement(s).</u>  The term, "statement(s)" means any written or recorded remark made by the witness in question, including memos, notes, e-mails, correspondence, video and audio tapes, and electronically stored material.

12.  <u>Collision/Incident</u>. The terms "Collision" and/or "Incident" means the automobile collision which is the subject of Plaintiff's claims as alleged in their Original Petition.

13.    <u>Suit/Lawsuit.</u>  The terms, "this suit" or "this lawsuit" means the above entitled and numbered cause, including any claims and counterclaims.

14.    <u>Claims.</u>  "Claims" means claims brought by any party to the Lawsuit (as defined above), including all claims and counterclaims.

15.    <u>Parties.</u>  The term "Plaintiffs" or "Defendant", as well as a party's full or abbreviated name or a pronoun referring to a party means the party, and where applicable, his/its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation upon any person who is not a party to the litigation.

16.    <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CESAR MARTINEZ PEREZ**

1.      Please state your full name, address, telephone number, date of birth, driver's license number and occupation.

2.      Please state where you were employed on January 15, 2019, and whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the normal basis for your pay from the defendant motor carrier (i.e. by the mile, by the load, by the hour, straight salary or explain the basis) and explain any deviation from the normal basis, if any, concerning the load that was involved in the accident.

3.      As to the trip you were engaged at the time of the accident in question, give the following information:

        a.      The date and place the tractor left its home base to start the trip.

        b.      The places, dates and loads of each stop to pick up or deliver any load, the description and weight of each load, the names, addresses and telephone numbers of the persons and their employer who loaded the load that was involved in the accident, together with the weight of the load.

        c.      The dates, time and places the rig was stopped so that the driver(s) could rest together with the names, addresses and telephone numbers of each person who saw you and can verify your claim concerning the last stop you made prior to the accident in question.

4.      Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which the contention is based.

5.      Describe in detail any conversations you had with the Plaintiff, any other party or witness to the accident.  Specifically, please detail to the best of your recollection what each person said.

6.      Describe any physical injuries that you witnessed sustained by the Plaintiff or any other person involved in the accident.

7.      Describe any physical injuries sustained by you as a result of the accident and the names of the medical providers that have treated you for these injuries.

8.      Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum,

whether recorded stenographically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken.  If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photocopy the same.

9.      As to each motor vehicle accident you have been involved in and each traffic violation for which you have either: paid a fine or attended a school in lieu of a fine, give the following information: (a) Where it occurred (State, City, County, Court); (b) When it occurred (Month, Day, Year); (c)injuries claimed and when and where any claims or suits were filed; (d) Final disposition or current status of each traffic violation and accident.

10.     What was the disposition of the citation you received?  Did you enter a plea and pay a fine or did you pay a fine with deferred adjudication (i.e. did it go on your record)?

11.     With respect to your experience as a truck driver, give the following information:

        a.      The name, address and telephone number together with the dates you were driving trucks for every motor carrier who has employed you or contracted your services or your truck or your trailer for the past seven years;

        b.      The number of hours of driving experience you had prior to the accident in question in the particular tractor you were operating at the time;

        c.      The number of hours of experience you had prior to the accident in question in operating with the configuration of trailer(s) you were pulling prior to the accident in question.

12.     What credit cards were issued for use and/or used by you on the trip in question for purchasing gasoline, oil, food, lodging and to pay tolls and taxes?  Describe the trip expenses incurred by you on the trip in question prior to the accident and if you turn in those expenses to your employer.

13.     Have you ever had a driver's license suspended or revoked for any reason?  If so, provide the driver's license number, issuing state, and when said license was revoked/suspend and why.

14.     Can you please provide your cellular phone number at the time of the collision and provide the name of the service provider?

15.     Were you distracted in any way prior to the collision in question?

16.    Did you speak to the police officer at the scene of the collision?  If your answer is "yes" please state what was said between you and the officer.

17.    State in detail what intoxication beverages, if any, you had consumed and what drugs and medications, if any, you had taken during the 24 hour period immediately preceding the collision.

18.    Identify all arrests and detentions of Defendant **CESAR MARTINEZ PEREZ** that occurred within the last ten (10) years. Include the following in your response:

        a.    The date of arrest.
        b.    The arresting agency and officer.
        c.    The offense.
        d.    The disposition of the offense
        e.    Any other result of the arrest.

19.    Identify all convictions of Defendant **CESAR MARTINEZ PEREZ** that occurred within the last ten (10) years.  Include the following:

        a.    The date and place of conviction
        b.    The offense.
        c.    The docket number and court where the conviction occurred.
        d.    The sentence/punishment received.

20.    State whether you have ever been convicted of or pled guilty to any felony offense or misdemeanor involving moral turpitude, and whether you have ever been confined in any jail or prison. If so, please state the nature of the crime, the date of the plea or judgment, the jurisdiction in which the case was or is pending and the sentence received.

21.    Describe the make and model of each of the following items located on the truck you were operating at the time of the accident in question:

        a.    CB radio and antennas;
        b.    Radar Detector;
        c.    On board fax machine;
        d.    On board telephone;
        e.    On board beeper;
        f.    On board tachometer;
        g.    On board computer recorder.

22.    Identify each person answering these interrogatories, supplying information, or assisting in any way in the preparation of Defendant's answers to these interrogatories.

23.   Describe how you would communicate with dispatch/office and the frequency of each communication during a trip.

24.   Did you have a cell phone, iPad, tablet, or other mobile device in the vehicle with you at the time of the crash? If so, please state:

a. The phone number for each device;
b. The carrier for each device;
c.   What the device was (for example, was it an iPhone 7, a Samsung Galaxy, etc.);
d.  Whether you were using the device at the time of the c   rash  or the five minutes preceding the crash; and
e.  If you were using the device at the time of the crash, or during the five minutes preceding the crash, how you were using the device (i.e., were you talking on the phone, texting, using an app, watching a video, dialing, reading a message, sending or reading an e-mail, etc.).

25.   Do you keep copies of your driving logs?

a.     If so, for how long?

b.     Where are they located?

c.     Do you have the logs for the period of time in which the accident in question occurred?

d.     If not, why not?

e.     Have you ever filed any falsified logs with the defendant motor carrier?

f.     Has the defendant motor carrier ever questioned the falsity of your logs?

g.     Does the defendant motor carrier care whether your logs are falsified?

h.     Is it true that the motor carrier could compare your trip receipts with your logs and find that there were variances between where and when your logs showed you to be operating as compared with where and when your trip receipts showed you to be?

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.**

1.  Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.**, please state your full and correct title and position within the organizational structure of **JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.**

2.  Please state the name(s) of the registered owner(s) of the tractor truck that Cesar Martinez Perez was operating on January 15, 2019, and if it was being operated under a lease or contract with any other motor carrier or motor carrier services broker? If so, please state with whom or from whom the tractor truck was leased and signify whether any lease agreement exists in writing.

3.  Identify Cesar Martinez Perez's employer on January 15, 2019, whether the Defendant driver was in the course and scope of his employment when the wreck occurred and by whom he was being compensated; how he was being compensated (i.e. by the hour, by miles traveled, by the load, by commissions, by straight salary or explain any other method used) and how much.

4.  Please explain whether Cesar Martinez Perez was operating the tractor truck with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant just minutes before the accident happened.

5.  Please state the address, telephone number, date of birth, driver's license number of Cesar Martinez Perez and whether he is still employed by the Defendant or if he was terminated or reprimanded after the incident made basis of this suit, and if so, please state the grounds for termination or reprimand.

6.  Give the names, business and home addresses and business and home telephone numbers of each of the persons who was employed by your company or contracted to your company, both at the time of the accident in question as well as at the time these interrogatories are being answered, who has knowledge of your company safety policies and operations, knowledge of the investigation of the accident in question, knowledge of or any role in the maintenance and repairs to the tractor truck in question, and knowledge of or any role in the maintenance of company records, including at least the following persons, to wit:

    (a) Safety Director;
    (b) Director of Safety Program;
    (c) Medical Review Officer;

(d) Director of Employee Assistance Program;
(e) Dispatcher(s) who dispatched the tractor truck in question from
   the time it left home base until the occurrence;
(f) Other persons on board the tractor truck in question at the time
   of the occurrence;
(g) Insurance Loss Control expert from the Defendant business'
   insurance company who has inspected your operations;
(h) Supervisor of Records;
(i) Person(s) who investigate the accident in question for the
   Defendant business;
(j) Any issue involving liability or damages; and
(k) the driver's direct supervisor.

7.     Please describe in detail how you contend the incident made basis of this suit
       occurred, including any contentions that the incident was not caused by
       Defendants' negligence, and the factual basis behind any such contentions that the
       incident was not caused by Defendants' negligence..

8.     Was the tractor operated by Cesar Martinez Perez on January 15, 2019, damaged
       in any way as a result of this incident? If so, please describe in detail the damages
       sustained by this vehicle and the estimated and/or actual cost of repairs.

9.     Please state the Defendant business' full and correct legal business name, the
       exact function of the business entity and how does is it relate to the tractor truck
       operated by Cesar Martinez Perez on January 15, 2019, the date of formation, the
       state in which it is formed, the exact location of principal offices of the business,
       the location of any main local offices, the major business of the entity, the type
       and nature of the business performed by the business entity, and the name and
       addresses of its principal officers, directors and/or partners.

10.    Other than the police report, does the Defendant have in its possession any written
       or oral statements made by the Plaintiff, Cesar Martinez Perez or anyone having
       first hand knowledge of the events that are the subject of this lawsuit, including
       but not limited to: recorded statements; written statements; and/or post-accident
       report(s) submitted to insurance carrier or employer?

11.    Are you aware of any conversations Cesar Martinez Perez had with the Plaintiff
       or any other party or witness to this accident. Specify as best as possible what
       each person said.

12.    State the name, address and telephone number of the person or company
       responsible for performing regular maintenance and/or repairs on the tractor
       operated by Cesar Martinez Perez, on January 15, 2019.

13.    Please identify all employees (drivers and non-drivers) of [Defendant Company]
       for the five years previous to the incident made the basis of this suit through
       present. In your response, with regard to drivers, please be sure to list all drivers

regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor. Please, include in your response at least the following information: a. each employee's name, last known address, and phone number; b. each employee's title and job description; and, c. whether the person is a current or former employee. For all former employees, please, specify the last date of employment and reason for termination of employment. For the purpose of this request, please include all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor.

14.  Describe in detail what injuries, if any, Cesar Martinez Perez received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the worker's compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting Cesar Martinez Perez in the claim.

15.  Please state whether the Defendant company ever had or currently has any policies, procedures, or guidelines, written or oral, in effect (a) as of date of hire or (b) at the time of the answering of these Interrogatories relating to the hiring of tractor truck drivers such as the Defendant driver who were seeking employment with the Defendant company and/or its parent or partner entities. If so, please set forth the following information:

(a) A full and complete description of the policy including minimum hiring criteria and driver qualification requirements;

(b) The name, address, and job title of the person or persons responsible for ensuring that tractor truck drivers seeking employment with the Defendant company met such policy or hiring criteria; and

(c) Identify any document relating to the policy or hiring criteria and the name of the address of the custodian.

16.  Please explain your policy regarding the frequency and method(s) of supervision of a driver such as Cesar Martinez Perez.

17.  Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to Cesar Martinez Perez during his employment with you.

18.  As to each motor vehicle accident Cesar Martinez Perez has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or

suits were filed. d) Final disposition or current status of each traffic violation and accident.

19.    Does the Defendant know whether Cesar Martinez Perez had any felony convictions prior to January 15, 2019 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

20.    Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

21.    Has the tractor truck involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of January 15, 2019?

22.    Please explain in detail the route that the Defendant driver was taking at the time of the occurrence made basis of this suit. Include both the site from which the Defendant driver was driving and the destination of the Defendant driver, and whether the route taken by the Defendant driver was the route recommended by the Defendant company.

23.    With respect to the tractor truck driven by the Defendant driver on the date of the incident made basis of this suit, give the complete configuration (including at least the following information):

(a) Style of tractor truck;
(b) Weight of tractor truck;
(c) Empty weight of tractor truck;
(d) What contents the load comprised at the time of the accident;
(e) The weight of the load at the time of the accident;
(f) Length, width, and height of the tractor truck in question;
(g) Licenses held for the tractor truck;
(h) The make, model, and horsepower of the engine of the tractor truck in question;
(i) The make, model and gear ratio of the rear-end of the tractor truck in question;
(j) The make and model of the transmission of the tractor truck in question;
(k) The make, model and type of the axels of the tractor truck in question;
(l) The speed potential of the tractor truck configuration;
(m) The maximum weight recommended to be carried in the tractor truck in question;
(n) The make(s), model(s) and type(s) of all the brakes located on the tractor truck;
(o) The types of seats installed in the cab of the tractor truck in question;
(p) The makes and sizes of all the tires on the tractor truck in question and the mileage on the steering tires;

(q) All changes from the original configuration (an explanation as to why each was changed);

(r) The name, street address, and telephone number of the individual or company from which the tractor truck in question was purchased; and

(s) The make and model of each of the following that may have been on-board the tractor truck in question at the time of the accident, to wit:

(1) Radar detector;

(2) Fax machine;

(3) Telephone;

(4) Beeper;

(5) Tachometer;

(6) Computer;

(7) Black box (ECM/DDEC, etc.); and

(8) Satellite tracking device (e.g. QUALCOM);

(9) Sound system; and

(10) CB Radio.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT**

1. Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT**, please state your full and correct title and position within the organizational structure of **JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT**

2. Please state the name(s) of the registered owner(s) of the tractor trailer that Cesar Martinez Perez was towing on January 15, 2019, and if it was being operated under a lease or contract with any other motor carrier or motor carrier services broker? If so, please state with whom or from whom the tractor trailer was leased and signify whether any lease agreement exists in writing.

3. Identify Cesar Martinez Perez's employer on January 15, 2019, whether the Defendant driver was in the course and scope of his employment when the wreck occurred and by whom he was being compensated; how he was being compensated (i.e. by the hour, by miles traveled, by the load, by commissions, by straight salary or explain any other method used) and how much.

4. Please explain whether Cesar Martinez Perez was towing the tractor trailer with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant just minutes before the accident happened.

5. Please state the address, telephone number, date of birth, driver's license number of Cesar Martinez Perez and whether he is still employed by the Defendant or if he was terminated or reprimanded after the incident made basis of this suit, and if so, please state the grounds for termination or reprimand.

6. Give the names, business and home addresses and business and home telephone numbers of each of the persons who was employed by your company or contracted to your company, both at the time of the accident in question as well as at the time these interrogatories are being answered, who has knowledge of your company safety policies and operations, knowledge of the investigation of the accident in question, knowledge of or any role in the maintenance and repairs to the tractor truck and trailer in question, and knowledge of or any role in the maintenance of company records, including at least the following persons, to wit:

   (a) Safety Director;
   (b) Director of Safety Program;
   (c) Medical Review Officer;
   (d) Director of Employee Assistance Program;

(e) Dispatcher(s) who dispatched the tractor truck in question from the time it left home base until the occurrence;
(f) Other persons on board the tractor truck in question at the time of the occurrence;
(g) Insurance Loss Control expert from the Defendant business' insurance company who has inspected your operations;
(h) Supervisor of Records;
(i) Person(s) who investigate the accident in question for the Defendant business;
(j) Any issue involving liability or damages; and
(k) the driver's direct supervisor.

7.      Please describe in detail how you contend the incident made basis of this suit occurred, including any contentions that the incident was not caused by Defendants' negligence, and the factual basis behind any such contentions that the incident was not caused by Defendants' negligence..

8.      Was the tractor/trailer operated by Cesar Martinez Perez on January 15, 2019, damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

9.      Please state the Defendant business' full and correct legal business name, the exact function of the business entity and how does is it relate to the tractor truck/trailer operated by Cesar Martinez Perez on January 15, 2019, the date of formation, the state in which it is formed, the exact location of principal offices of the business, the location of any main local offices, the major business of the entity, the type and nature of the business performed by the business entity, and the name and addresses of its principal officers, directors and/or partners.

10.     Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, Cesar Martinez Perez or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

11.     Are you aware of any conversations Cesar Martinez Perez had with the Plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

12.     State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor truck and/or trailer operated by Cesar Martinez Perez, on January 15, 2019.

13.     Please identify all employees (drivers and non-drivers) of [Defendant Company] for the five years previous to the incident made the basis of this suit through present. In your response, with regard to drivers, please be sure to list all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by

1099 as an independent contractor. Please, include in your response at least the following information: a. each employee's name, last known address, and phone number; b. each employee's title and job description; and, c. whether the person is a current or former employee. For all former employees, please, specify the last date of employment and reason for termination of employment. For the purpose of this request, please include all drivers regardless of whether the driver was paid by the mile, paid a salary, or paid by 1099 as an independent contractor.

14.     Describe in detail what injuries, if any, Cesar Martinez Perez received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the worker's compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting Cesar Martinez Perez in the claim.

15.     Please state whether the Defendant company ever had or currently has any policies, procedures, or guidelines, written or oral, in effect (a) as of date of hire or (b) at the time of the answering of these Interrogatories relating to the hiring of tractor truck drivers such as the Defendant driver who were seeking employment with the Defendant company and/or its parent or partner entities. If so, please set forth the following information:

(a) A full and complete description of the policy including minimum hiring criteria and driver qualification requirements;

(b) The name, address, and job title of the person or persons responsible for ensuring that tractor truck drivers seeking employment with the Defendant company met such policy or hiring criteria; and

(c) Identify any document relating to the policy or hiring criteria and the name of the address of the custodian.

16.     Please explain your policy regarding the frequency and method(s) of supervision of a driver such as Cesar Martinez Perez.

17.     Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to Cesar Martinez Perez during his employment with you.

18.     As to each motor vehicle accident Cesar Martinez Perez has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or suits were filed. d) Final disposition or current status of each traffic violation and accident.

19.   Does the Defendant know whether Cesar Martinez Perez had any felony convictions prior to January 15, 2019 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

20.   Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

21.   Has the tractor truck/trailer involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of January 15, 2019?

22.   Please explain in detail the route that the Defendant driver was taking at the time of the occurrence made basis of this suit. Include both the site from which the Defendant driver was driving and the destination of the Defendant driver, and whether the route taken by the Defendant driver was the route recommended by the Defendant company.

23.   With respect to the tractor truck driven by the Defendant driver on the date of the incident made basis of this suit, give the complete configuration (including at least the following information):

(a) Style of tractor truck;
(b) Weight of tractor truck and its trailer;
(c) Empty weight of tractor truck;
(d) What contents the load comprised at the time of the accident;
(e) The weight of the load at the time of the accident;
(f) Length, width, and height of the tractor truck and its trailer in question;
(g) Licenses held for the tractor truck/trailer;
(h) The make, model, and horsepower of the engine of the tractor truck in question;
(i) The make, model and gear ratio of the rear-end of the tractor truck in question;
(j) The make and model of the transmission of the tractor truck in question;
(k) The make, model and type of the axels of the tractor truck in question;
(l) The speed potential of the tractor truck configuration;
(m) The maximum weight recommended to be carried in the tractor truck in question;
(n) The make(s), model(s) and type(s) of all the brakes located on the tractor truck;
(o) The types of seats installed in the cab of the tractor truck in question;
(p) The makes and sizes of all the tires on the tractor truck in question and the mileage on the steering tires;
(q) All changes from the original configuration (an explanation as to why each was changed);

(r) The name, street address, and telephone number of the individual or company from which the tractor truck in question was purchased; and

(s) The make and model of each of the following that may have been on-board the tractor truck in question at the time of the accident, to wit:

(1) Radar detector;

(2) Fax machine;

(3) Telephone;

(4) Beeper;

(5) Tachometer;

(6) Computer;

(7) Black box (ECM/DDEC, etc.); and

(8) Satellite tracking device (e.g. QUALCOM);

(9) Sound system; and

(10) CB Radio.

24.   Please state the name(s) of the registered owner(s) of the tractor truck that Cesar Martinez Perez was operating on January 15, 2019, and if it was being operated under a lease or contract with any other motor carrier or motor carrier services broker? If so, please state with whom or from whom the tractor truck was leased and signify whether any lease agreement exists in writing.

25.   Please explain whether Cesar Martinez Perez was operating the tractor truck with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant just minutes before the accident happened.

## XI.
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

11.1    Plaintiff propounds the following **separate** requests for production to the Defendant CESAR MARTINEZ PEREZ, Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and Defendant JAMS LOGISTICS LLC pursuant to Rule 196 of the Texas Rules of Civil Procedure.  Defendants are further instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney.  Responses are due within 50 days of service of these Requests for Production.  Defendants are asked to supplement your responses as required under the Texas Rules of Civil Procedure.

*INSTRUCTIONS/DEFINITIONS FOR RESPONDING TO PLAINTIFF'S REQUESTS FOR PRODUCTION*

1.    Respond to each request for production separately by listing the materials and by describing them as defined above.  If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's label or number.

2.    Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories of the discovery request.

3.    Produce electronically stored information in single-page searchable Adobe Tagged Image File Format (TIFF).  For any electronically stored information produced:

a.    Produce a discovery log that details the type of information, the discovery request to which the information corresponds and the information's electronic ID number.
b.    Write all of the electronically stored information to a CD or drive.

4.    For electronically stored information, identify every source containing potentially responsive information that Plaintiff is not searching or producing.

5.    If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6.      For materials that Defendant asserts are privileged, protected or otherwise exempt from discovery, provide the following:

   a.   The specific grounds for the claim of privilege, protection or other exemption.
   b.   The type of material being withheld, and, if the material is electrically stored information, the file format of the material.
   c.   The subject matter of the material.
   d.   The date of the material.
   e.   The name, job title, and address of the author of the material.
   f.   The name, job title and address of each addressee of the material.
   g.   The name, job title and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.
   h.   The name, job title and address of the custodian of the material and the material's current location.

7.      For any materials that you claim no longer exist, or cannot be located, provide the following:

   a.   A statement identifying the material.
   b.   A statement of how and when the material ceased to exist or when it could no longer be located.
   c.   The reasons for the material's nonexistence or loss.
   d.   The identity, address and job title of each person having knowledge about the nonexistence or loss of the material.
   e.   The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

8.      <u>Communication.</u>   The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise. It includes, but is not limited to any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, e-mail, letter, correspondence, note, telegraph, advertisement, or any other form of transaction, whether oral or written.

9.      <u>All/Each.</u>   The terms "all" "each" should be construed as "and", "each" and "and/or".

10.     <u>And/Or.</u>  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     <u>Statement(s).</u>   The term, "statement(s)" means any written or recorded remark made by the witness in question, including memos, notes, e-mails, correspondence, video and audio tapes, and electronically stored material.

12. <u>Collision/Incident</u>. The terms "Collision" and "Incident" means the automobile collision which is the subject of Plaintiff's Original Petition.

13. <u>Suit/Lawsuit.</u> The terms, "this suit" or "this lawsuit" means the above entitled and numbered cause, including any claims and counterclaims.

14. <u>Claims.</u> "Claims" means claims brought by any party to the Lawsuit (as defined above), including all claims and counterclaims.

15. <u>Parties.</u> The term "Plaintiffs" or "Defendant", as well as a party's full or abbreviated name or a pronoun referring to a party means the party, and where applicable, his/its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation upon any person who is not a party to the litigation.

16. <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

17. <u>You & Your.</u> The terms "you" and "your" means CESAR MARTINEZ PEREZ and/or JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. and/or JAMS LOGISTICS LLC, their agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, representatives, attorneys, experts and other persons acting or purporting to act on thei behalf.

18. <u>Material.</u> The term "material" means all documents, electronically stored information, or tangible things – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which the data can be obtained either directly, or after translation by the responding party into a reasonably usable form. A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

19. <u>Document.</u> The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries and medical records.

## <u>PLAINTIFF'S REQUEST FOR PRODUCTION TO CESAR MARTINEZ PEREZ</u>

1.     A photocopy of Defendant's Driver's License, temporary license, and/or permit to operate a motor vehicle in the State of Texas.

2.     A photocopy of all insurance coverage(s) and Declaration Page(s) for all of the Defendant's vehicles, including the one in question.

3.     A photocopy of any excess or umbrella policies that could potentially cover the incident.

4.     A copy of all photographs taken of Defendant's and/or Plaintiff's vehicle after the accident by the Defendant's insurance company, any of its representatives or by the Defendant personally.

5.     A copy of all repair estimates and/or repair invoices for Defendant's and/or Plaintiff's vehicle.

6.     All photographs taken in connection with Plaintiff's causes of action in the possession, constructive possession, custody or control of CESAR MARTINEZ PEREZ'S attorney, Defendant's insurance company and/or anyone acting on CESAR MARTINEZ PEREZ'S behalf.

7.     All <u>written statements</u> made by CESAR MARTINEZ PEREZ, in the possession, constructive possession, custody or control of CESAR MARTINEZ PEREZ, CESAR MARTINEZ PEREZ'S attorney or anyone acting on CESAR MARTINEZ PEREZ'S behalf relating to the subject collision.

8.     All <u>oral statements</u> made by CESAR MARTINEZ PEREZ, which were either <u>recorded or taped</u> on any electronic device or recorder which are in the possession, constructive possession, custody or control of CESAR MARTINEZ PEREZ, CESAR MARTINEZ PEREZ'S attorney, Defendant's insurance company and/or anyone acting on CESAR MARTINEZ PEREZ'S behalf relating to the subject collision.

9.     A curriculum vitae or resume for any and all consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

10.    The curriculum vitae and reports prepared by any testifying experts in conjunction with the case.

11.    Any and all drawings, photographs, maps, or sketches of the scene of the accident which has made the basis of the suit.

12.    A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

13.     A copy of any surveillance movies, photos, etc. of Plaintiffs in Defendant's possession.

14.     A list of the names and addresses of witnesses with knowledge of facts relating to the collision.

15.     A copy of your cell phone bill for the month of **January of 2019**.

16.     Any statement by Defendant, recorded or as otherwise defined in Tex. R. Civ. P. 192.3(h) that you have provided to any other person or agency (other than privileged communications with your attorney) in connection or relation with the incident made the subject of this lawsuit.

17.     Any and all statements by any person with knowledge of relevant facts, as defined in Tex. R. Civ. P. 192.3(h) in connection with the incident made the subject of this lawsuit.

18.     Please produce a copy of any records of any conviction or guilty plea for any criminal offense described in your answers to interrogatories in this lawsuit.

19.     Any and all documents or tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by an expert or for an expert in the anticipation of the expert's trial and/or deposition testimony.

20.     Any and all documents or tangible things, which form the basis, either in whole or in part, of the opinion of any expert who will or may give deposition and/or trial testimony herein.

21.     Any and all documents, including tangible reports, physical models, compilations of data, calculations, all factual observations, tests, supporting data, photographs, and other materials in your possession, custody or control, which have been prepared by a consulting expert, if the consulting expert's opinions and impressions have been reviewed by a testifying expert. In the event that there is an expert witness about which you have knowledge, but cannot positively aver that such witness will not testify, then this Plaintiffs requests that that factual observations, tests, supporting data, calculations, photographs and opinions of each expert be recorded and reduced to a tangible form and provided to the Plaintiff.

22.     All treatises, rules, guidelines, statutes, policies or procedures, or any other authoritative materials reviewed by any consulting expert whose opinions, mental impressions, or work product were reviewed by a testifying expert.

23.     Any and all correspondence between your attorney and any expert who may be called to testify as a witness in this case, or between your attorney and any experts

who will not testify as a witness, but whose opinions and impressions have been reviewed by an expert who may testify in this case.

24.    Any and all investigation reports prepared by Defendant or at Defendant's direction, or on Defendant's behalf, and not protected by any privilege.

25.    Any and all news media, including print, radio, television, or internet articles or information, pertaining to the incident made the basis of this lawsuit.

26.    Any and all written and/or recorded statements of any Plaintiff and/or Defendant, or their agents, servants, employees or other representatives regarding the incident made the basis of this suit and alleged injuries and damages resulting therefrom.

27.    Any and all non-privileged communications between Defendant and any third party related to the claims made in this lawsuit.

28.    Any and all documents which refute, or support, Plaintiff's contention that CESAR MARTINEZ PEREZ was negligent in the operation of the vehicle Defendant was driving when the subject collision occurred.

29.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical pain and mental anguish as a result of the incident made the basis of this lawsuit.

30.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical impairment as a result of the incident made the basis of this lawsuit.

31.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered lost wages and/or loss of earnings as a result of the incident made the basis of this lawsuit.

32.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will suffer lost earning capacity as a result of the incident made the basis of this lawsuit.

33.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will incur future medical expenses as a result of the incident made the basis of this lawsuit.

34.    Any and all documents which refute, or support, that the medical expenses Plaintiff incurred as a result of the collision were reasonable in the localities in which they were incurred.

35.    Copies in your possession of the following:

a.      Application for employment;
b.      Qualification file;
c.      Written record of past employers
d.      Driving and written road test and scores;
e.      Annual driving record inquiries;
f.      Violations of motor vehicle laws and ordinances; and
g.      Daily inspection reports of the tractor truck you were driving on January 15, 2019.

36.      A copy of the written record of Cesar Martinez Perez's medical examiner's certificate to drive commercial motor vehicles.

37.      Any records or documentation (medical or non-medical) concerning Cesar Martinez Perez, that would indicate whether Cesar Martinez Perez, was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

38.      Please provide all books, pamphlets, memorandum, letter, or other documents containing the defendant motor carrier's policies.

39.      Please provide any and all documents related to Cesar Martinez Perez's employment as a driver, including but not limited to log books, trip sheets/reports, fuel tax records, gross receipt tax records, federal use tax records, state permits, fuel receipts, work orders, bills of lading, com. card receipts, expense sheets/records and any other documents that would show Cesar Martinez Perez's trip movements for January 15, 2019, and 6 months prior.

40.      Please provide your Pre-employment Screening records (PSP) available to all commercial drivers via the PSP Portal on the Federal Motor Carrier Safety Administration website.

41.      Kindly product the following records:

a.      Between January 1, 2019 and January 30, 2019, all emails sent or received by Defendant Cesar Martinez Perez

b.      Between January 1, 2019 and January 30, 2019, all text messages sent or received by Defendant Cesar Martinez Perez

c.      Produce the ESI for the cell phone(s) used by Defendant Cesar Martinez Perez, on January 15, 2019, including but not limited to the cell phone, sufficient to show the following:

i. The dates and times of any phone calls made or received on January 15, 2019, as well as the outgoing and incoming phone number.

ii. All text messages sent or received (including the complete contents of same) on January 15, 2019; and

iii. All text messages sent or received (including the complete contents of same) January 1, 2019 and January 30, 2019, that refer or relate to motor vehicle accident of January 15, 2019, and any work-related texts. Alternatively, Defendants may produce for inspection and copying the cell phone(s) responsive to this request on January 15, 2019, at the office of counsel for Defendants.

42.    A Privilege Log which includes the information required by Instruction No. 6, above.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.

1.      A copy of Cesar Martinez Perez's driver's license.

2.      A copy of the written records of Cesar Martinez Perez's qualification file, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., pursuant to Title 49 Code of Federal Regulation § 391.51.   (Period Required by Law: Length of Employment and Three years thereafter).

3.      A copy of the written record of Cesar Martinez Perez's application for employment, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

4.      A copy of the written record of Cesar Martinez Perez's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

5.      A copy of the written record of Cesar Martinez Perez's driving and written road test and scores issued to the driver pursuant to Title 49, Code of Federal Regulations § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to § 391.33, as required  to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.

6.      A copy of the written record of each State agency response to Cesar Martinez Perez's annual driver record inquiry, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. under Title 49, Code of Federal Regulations §391.25 (a).  (Period Required by Law: Three years after date of Execution).

7.      A copy of the written record of Cesar Martinez Perez's annual review as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., under Title 49, Code of Federal Regulations§ 391.25(c)(2). (Period Required by Law: Three years after date of Execution).

8.      A copy of the written record of Cesar Martinez Perez's violation of motor vehicle laws and ordinances, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., under Title 49, Code of

Federal Regulations§ 391.27.  (Period Required by Law: Three years after date of execution).

9.      A copy of Cesar Martinez Perez's vehicle daily inspection reports of the tractor truck he was driving on January 15, 2019, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., under Title 49, Code of Federal Regulations§ 396.11(c)(2).

10.     A copy of the written record of Cesar Martinez Perez's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., under Title 49, Code of Federal Regulations § 391.43(f).

11.     A copy of the written record of any controlled substance or alcohol misuse by Cesar Martinez Perez as required to be kept by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., under Title 49, Code of Federal Regulations § 382.401(a).

12.     Any records or documentation (medical or non-medical) concerning Cesar Martinez Perez that would indicate whether Cesar Martinez Perez was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

13.     Any records or documentation (medical or non-medical) concerning Cesar Martinez Perez that would indicate that  Cesar Martinez Perez had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

14.     Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Cesar Martinez Perez relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

15.     Please provide Cesar Martinez Perez's training record.

16.     Please provide all materials used by you to train Cesar Martinez Perez including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

17.     Any and all statements by any person with knowledge of relevant facts, as defined in Tex. R. Civ. P. 192.3(h) in connection with the incident made the subject of this lawsuit.

18. Please provide all receipts signed by Cesar Martinez Perez evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

19. Any and all documents or tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by an expert or for an expert in the anticipation of the expert's trial and/or deposition testimony.

20. Any and all documents or tangible things, which form the basis, either in whole or in part, of the opinion of any expert who will or may give deposition and/or trial testimony herein.

21. Any and all documents, including tangible reports, physical models, compilations of data, calculations, all factual observations, tests, supporting data, photographs, and other materials in your possession, custody or control, which have been prepared by a consulting expert, if the consulting expert's opinions and impressions have been reviewed by a testifying expert. In the event that there is an expert witness about which you have knowledge, but cannot positively aver that such witness will not testify, then this Plaintiff requests that that factual observations, tests, supporting data, calculations, photographs and opinions of each expert be recorded and reduced to a tangible form and provided to the Plaintiff.

22. All treatises, rules, guidelines, statutes, policies or procedures, or any other authoritative materials reviewed by any consulting expert whose opinions, mental impressions, or work product were reviewed by a testifying expert.

23. Any and all correspondence between your attorney and any expert who may be called to testify as a witness in this case, or between your attorney and any experts who will not testify as a witness, but whose opinions and impressions have been reviewed by an expert who may testify in this case.

24. Any and all investigation reports prepared by Defendant or at Defendant's direction, or on Defendant's behalf, and not protected by any privilege.

25. Any and all news media, including print, radio, television, or internet articles or information, pertaining to the incident made the basis of this lawsuit.

26. Any and all written and/or recorded statements of any Plaintiff and/or Defendant, or their agents, servants, employees or other representatives regarding the incident made the basis of this suit and alleged injuries and damages resulting therefrom.

27. Any and all non-privileged communications between Defendant and any third party related to the claims made in this lawsuit.

28.    Any and all documents which refute, or support, Plaintiff's contention that JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., negligently entrusted its vehicle to Defendant CESAR MARTINEZ PEREZ on the date of the subject collision.

29.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical pain and mental anguish as a result of the incident made the basis of this lawsuit.

30.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical impairment as a result of the incident made the basis of this lawsuit.

31.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered lost wages and/or loss of earnings as a result of the incident made the basis of this lawsuit.

32.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will suffer lost earning capacity as a result of the incident made the basis of this lawsuit.

33.    Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will incur future medical expenses as a result of the incident made the basis of this lawsuit.

34.    Any and all documents which refute, or support, that the medical expenses Plaintiff incurred as a result of the collision were reasonable in the localities in which they were incurred.

35.    Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

36.    Please provide all receipts signed by Cesar Martinez Perez evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

37.    Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

38.    Please provide any documentation concerning Cesar Martinez Perez involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

39.     Please provide any cell phone bills that would show whether or not Cesar Martinez Perez was using a cell phone on January 15, 2019. This request includes, but is not limited to, cell phone bills for the day of the wreck.

40.     Please provide any and all documents related to Cesar Martinez Perez's employment as a driver, including but not limited to log books, trip sheets/reports, fuel tax records, gross receipt tax records, federal use tax records, state permits, fuel receipts, work orders, bills of lading, com. card receipts, expense sheets/records and any other documents that would show Cesar Martinez Perez's trip movements for January 15, 2019, and ten (10) days prior.

41.     Please provide any documentation evidencing the cargo being transported on January 15, 2019, the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

42      Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the January 15, 2019, collision.

43.     Please provide a copy of the title and registration of the tractor truck driven by Cesar Martinez Perez that is the subject of this lawsuit.

44.     Please provide documentation evidencing JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.'s ownership of the tractor truck operated by Cesar Martinez Perez on January 15, 2019, which is the subject of this lawsuit.

45.     A copy of the Inspection, Repair and Maintenance of the tractor truck operated by Cesar Martinez Perez on January 15, 2019, under Title 49, Code of Federal Regulations § 396.3(a)(b)&(c).

46.     Please provide all MCS 64 forms issued on the tractor truck operated by Cesar Martinez Perez that is the subject of this lawsuit, for the period six months prior to January 15, 2019, and six months after.

47.     Please provide all MCS 63 forms issued on the tractor truck operated by Cesar Martinez Perez that is the subject of this lawsuit, for the period six months prior to January 15, 2019, and six months after.

48.     Please provide a copy of the complete insurance policy pertaining to the January 15, 2019, claims made the basis of this suit.  This request is for the policy in its entirety not just the declaration's page.

49.     Please produce a complete copy of all insurance policies, including liability, general liability, excess umbrella, and any other insurance providing coverage for

the January 15, 2019, claims made the basis of this suit.  This request is for the policies in their entirety not just the declaration's page.

50.    Please produce the MCS-90 Endorsement(s) attached to any liability policy(ies) for the January 15, 2019, claims made the basis of this suit. As required under 49 C.F.R. § 387.15.

51.    All citations or warnings issued by any governmental agency dating one year prior to January 15, 2019, for the tractor truck driven by Cesar Martinez Perez which is the subject of this lawsuit, regardless of whether Cesar Martinez Perez was driving the tractor truck when the citation or warning was issued.

52.    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the tractor operated by Cesar Martinez Perez for the period of three (3) years prior to the date of accident, January 15, 2019, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

53.    All repair orders, repair receipts, and repair estimates for the tractor truck operated by Cesar Martinez Perez for the period of three (3) years prior to the date of accident, January 15, 2019, and up to the present day.

54.    All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

55.    Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the tractor truck which was driven by Cesar Martinez Perez (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

56.    Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

57.    Please provide all documents which constitute any and all communication or correspondence between JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between January 15, 2019, and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

58.     Please provide all investigation notes, reports, and correspondence which refer to any aspect of the January 15, 2019, collision made the basis of this claim before notice of this suit was received.

59.     Please provide all letters, memorandums, and other written correspondence which was sent by JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

60.     Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

61.     Please provide the recording of the mechanism installed on the tractor truck that records and documents the time of use/non-use and/or speed of the tractor truck which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

62.     Please provide all photographs of the scene of the collision in your possession.

63.     Please provide all permits or other documents which authorize JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., to operate as a Motor Carrier at the time of the January 15, 2019, collision which were issued to you or filed by you or on your behalf with the United States Department of Transportation.

64.     Please provide all permits or other documents which authorize the transportation of the tractor truck being operated by Cesar Martinez Perez at the time of January 15, 2019, collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

65.     Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the January 15, 2019, collision made the basis of this lawsuit.

66.     Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

67.     Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

68.   In the event that the tractor truck in question was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this trailer, specifically their "net worth."

69.   Please provide all discoverable correspondence and other documents sent to any testifying expert.

70.   Please provide all discoverable correspondence and other documents received from any testifying expert.

71.   Please provide any and all statements from any witnesses that you intend to use.

72.   Please provide a time and place for the inspection of the tractor truck which is the subject of this lawsuit.

73.   Please provide all and any records indicating an awareness on your part that Cesar Martinez Perez was an unsafe driver.

74.   Please provide all incident reports generated by Cesar Martinez Perez or JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., relating to the collision on January 15, 2019.

75.   Please provide Purchase order and specifications for the tractor truck made the basis of this suit.

76.   With regard to your tractor truck, produce dispatch records for a period of one month prior to the wreck through one week after the wreck.

77.   As to the Defendant company's policies, procedures and programs, produced the following documents and items relating to the following:

(a) Fleet Safety Program including actions taken to assure that drivers are not violating the federal regulations relating to the maximum hours of work by drivers and that accurate logs are submitted by the drivers and accepted by the Defendant driver for filing, as well as the continued testing of drivers for competency and substance abuse;
(b) Tractor truck maintenance standards, including the standards for the parts used to maintain and repair equipment;
(c) Employee Assistance Program and standards for being allowed to attend;
(d) Driver standards;
(e) Mechanical standards;
(f) Dispatcher standards;
(g) Driver compensation; and
(h) Termination of drivers.

78. All medical records obtained by the Defendant company relating to the Plaintiff.

79. All time sheets, records, notes, work orders and bills for work assigned, work actually performed, and work scheduled but not performed by the Defendant driver for the month preceding the day of the incident made basis of this suit and the week after.

80. Your complete internal investigative file compiled prior to the time that you "anticipated litigation" within the meaning of National Tank Co, vs. Brotherton, 851 S.W. 2d 193 (Tex. 1993), concerning the occurrence in question.

81. The complete in-house investigation conducted by or on behalf of any Defendant, relevant to the incident in question, prior to receiving formal notice of the pending action or that such action was being filed. This request specifically includes, but is not limited to all photographs, movies, videotapes, audiotapes, reports, memoranda, correspondence, written statements and all correspondence between or with any Defendant, DPS, OSHA, DOT, ICC, NHTSA, NTSB, or any other federal, state or governmental agencies.

82. All citations from DPS, OSHA, DOT, ICC, NTSB, NHTSA or any other federal or state agency received by this Defendant in the three-year period preceding, including, and since the date in question.

83. Please produce all of the Defendant driver's medical records, psychological and/or mental health reports and tests for the previous five years.

84. Personnel files of all employees or vice-principals who were responsible for the hiring, training, retention and supervision of the Defendant driver.

85. Please provide all citations received from the State of Texas regulatory agencies (including DOT, Railroad Commission and DPS) or any federal agency relevant to motor vehicle fleet operations during the 24-month period prior to the occurrence in question.

86. Any documents dealing with the route taken on the day of the incident in question by the Defendant driver. Include any documents or applications, approved, or not approved, relating to the Texas Department of Transportation and your authority to drive the tractor truck on the route where the incident made basis of this suit occurred.

87. Please produce the following:

   1. All emails sent or received by Defendant Cesar Martinez Perez between January 10, 2019 and February 10, 2019,

2. All text messages sent or received by Defendant Cesar Martinez Perez between January 10, 2019 and February 10, 2019,

3. Produce the ESI for the cell phone(s) used by Defendant Cesar Martinez Perez on January 15, 2019, including but not limited to the cell phone, sufficient to show the following:

> a. The dates and times of any phone calls made or received on January 15, 2019, as well as the outgoing and incoming phone number,
> b. All text messages sent or received (including the complete contents of same) on January 15, 2019,
> c. All text messages sent or received (including the complete contents of same) January 10, 2019 and February 10, 2019, that refer or relate to motor vehicle accident of January 15, 2019, and any work-related texts. Alternatively, Defendants may produce for inspection and copying the cell phone(s) responsive to this request on January 15, 2019, at the office of counsel for Defendants, JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and Cesar Martinez Perez or another mutually agreeable location. Such copying shall be restricted to the areas of information listed above. The copying, testing, and analysis to be used shall be Cellebrite or similar type mobile forensic tools.

88.    A Privilege Log which includes the information required by Instruction No. 6, above.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT

1.     A copy of Cesar Martinez Perez's driver's license.

2.     A copy of the written records of Cesar Martinez Perez's qualification file, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, pursuant to Title 49 Code of Federal Regulation § 391.51.  (Period Required by Law: Length of Employment and Three years thereafter).

3.     A copy of the written record of Cesar Martinez Perez's application for employment, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

4.     A copy of the written record of Cesar Martinez Perez's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

5.     A copy of the written record of Cesar Martinez Perez's driving and written road test and scores issued to the driver pursuant to Title 49, Code of Federal Regulations § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to § 391.33, as required  to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT

6.     A copy of the written record of each State agency response to Cesar Martinez Perez's annual driver record inquiry, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT under Title 49, Code of Federal Regulations §391.25 (a).  (Period Required by Law: Three years after date of Execution).

7.     A copy of the written record of Cesar Martinez Perez's annual review as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, under Title 49, Code of Federal Regulations§ 391.25(c)(2).  (Period Required by Law: Three years after date of Execution).

8.     A copy of the written record of Cesar Martinez Perez's violation of motor vehicle laws and ordinances, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, under Title 49, Code of Federal Regulations§ 391.27. (Period Required by Law: Three years after date of execution).

9.      A copy of Cesar Martinez Perez's vehicle daily inspection reports of the tractor truck he was driving on January 15, 2019, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, under Title 49, Code of Federal Regulations§ 396.11(c)(2).

10.     A copy of the written record of Cesar Martinez Perez's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, under Title 49, Code of Federal Regulations § 391.43(f).

11.     A copy of the written record of any controlled substance or alcohol misuse by Cesar Martinez Perez as required to be kept by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, under Title 49, Code of Federal Regulations § 382.401(a).

12.     Any records or documentation (medical or non-medical) concerning Cesar Martinez Perez that would indicate whether Cesar Martinez Perez was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

13.     Any records or documentation (medical or non-medical) concerning Cesar Martinez Perez that would indicate that  Cesar Martinez Perez had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

14.     Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Cesar Martinez Perez relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

15.     Please provide Cesar Martinez Perez's training record.

16.     Please provide all materials used by you to train Cesar Martinez Perez including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

17.     Any and all statements by any person with knowledge of relevant facts, as defined in Tex. R. Civ. P. 192.3(h) in connection with the incident made the subject of this lawsuit.

18.     Please provide all receipts signed by Cesar Martinez Perez evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

19.    Any and all documents or tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by an expert or for an expert in the anticipation of the expert's trial and/or deposition testimony.

20.    Any and all documents or tangible things, which form the basis, either in whole or in part, of the opinion of any expert who will or may give deposition and/or trial testimony herein.

21.    Any and all documents, including tangible reports, physical models, compilations of data, calculations, all factual observations, tests, supporting data, photographs, and other materials in your possession, custody or control, which have been prepared by a consulting expert, if the consulting expert's opinions and impressions have been reviewed by a testifying expert. In the event that there is an expert witness about which you have knowledge, but cannot positively aver that such witness will not testify, then this Plaintiff requests that that factual observations, tests, supporting data, calculations, photographs and opinions of each expert be recorded and reduced to a tangible form and provided to the Plaintiff.

22.    All treatises, rules, guidelines, statutes, policies or procedures, or any other authoritative materials reviewed by any consulting expert whose opinions, mental impressions, or work product were reviewed by a testifying expert.

23.    Any and all correspondence between your attorney and any expert who may be called to testify as a witness in this case, or between your attorney and any experts who will not testify as a witness, but whose opinions and impressions have been reviewed by an expert who may testify in this case.

24.    Any and all investigation reports prepared by Defendant or at Defendant's direction, or on Defendant's behalf, and not protected by any privilege.

25.    Any and all news media, including print, radio, television, or internet articles or information, pertaining to the incident made the basis of this lawsuit.

26.    Any and all written and/or recorded statements of any Plaintiff and/or Defendant, or their agents, servants, employees or other representatives regarding the incident made the basis of this suit and alleged injuries and damages resulting therefrom.

27.    Any and all non-privileged communications between Defendant and any third party related to the claims made in this lawsuit.

28.    Any and all documents which refute, or support, Plaintiff's contention that JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, negligently entrusted its vehicle to Defendant CESAR MARTINEZ PEREZ on the date of the subject collision.

29.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical pain and mental anguish as a result of the incident made the basis of this lawsuit.

30.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered past and will suffer future physical impairment as a result of the incident made the basis of this lawsuit.

31.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff suffered lost wages and/or loss of earnings as a result of the incident made the basis of this lawsuit.

32.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will suffer lost earning capacity as a result of the incident made the basis of this lawsuit.

33.     Any and all documents which refute, or support, Plaintiff's contention that Plaintiff will incur future medical expenses as a result of the incident made the basis of this lawsuit.

34.     Any and all documents which refute, or support, that the medical expenses Plaintiff incurred as a result of the collision were reasonable in the localities in which they were incurred.

35.     Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

36.     Please provide all receipts signed by Cesar Martinez Perez evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

37.     Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

38.     Please provide any documentation concerning Cesar Martinez Perez involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

39.     Please provide any cell phone bills that would show whether or not Cesar Martinez Perez was using a cell phone on January 15, 2019. This request includes, but is not limited to, cell phone bills for the day of the wreck.

40.   Please provide any and all documents related to Cesar Martinez Perez's employment as a driver, including but not limited to log books, trip sheets/reports, fuel tax records, gross receipt tax records, federal use tax records, state permits, fuel receipts, work orders, bills of lading, com. card receipts, expense sheets/records and any other documents that would show Cesar Martinez Perez's trip movements for January 15, 2019, and ten (10) days prior.

41.   Please provide any documentation evidencing the cargo being transported on January 15, 2019, the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

42   Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the January 15, 2019, collision.

43.   Please provide a copy of the title and registration of the tractor truck driven by Cesar Martinez Perez that is the subject of this lawsuit.

44.   Please provide documentation evidencing JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT's ownership of the tractor truck operated by Cesar Martinez Perez on January 15, 2019, which is the subject of this lawsuit.

45.   A copy of the Inspection, Repair and Maintenance of the tractor truck operated by Cesar Martinez Perez on January 15, 2019, under Title 49, Code of Federal Regulations § 396.3(a)(b)&(c).

46.   Please provide all MCS 64 forms issued on the tractor truck operated by Cesar Martinez Perez that is the subject of this lawsuit, for the period six months prior to January 15, 2019, and six months after.

47.   Please provide all MCS 63 forms issued on the tractor truck operated by Cesar Martinez Perez that is the subject of this lawsuit, for the period six months prior to January 15, 2019, and six months after.

48.   Please provide a copy of the complete insurance policy pertaining to the January 15, 2019, claims made the basis of this suit.  This request is for the policy in its entirety not just the declaration's page.

49.   Please produce a complete copy of all insurance policies, including liability, general liability, excess umbrella, and any other insurance providing coverage for the January 15, 2019, claims made the basis of this suit.  This request is for the policies in their entirety not just the declaration's page.

50.   Please produce the MCS-90 Endorsement(s) attached to any liability policy(ies) for the January 15, 2019, claims made the basis of this suit. As required under 49 C.F.R. § 387.15.

51.    All citations or warnings issued by any governmental agency dating one year prior to January 15, 2019, for the tractor truck driven by Cesar Martinez Perez which is the subject of this lawsuit, regardless of whether Cesar Martinez Perez was driving the tractor truck when the citation or warning was issued.

52.    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the tractor operated by Cesar Martinez Perez for the period of three (3) years prior to the date of accident, January 15, 2019, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

53.    All repair orders, repair receipts, and repair estimates for the tractor truck operated by Cesar Martinez Perez for the period of three (3) years prior to the date of accident, January 15, 2019, and up to the present day.

54.    All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

55.    Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the tractor truck which was driven by Cesar Martinez Perez (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

56.    Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

57.    Please provide all documents which constitute any and all communication or correspondence between JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between January 15, 2019, and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

58.    Please provide all investigation notes, reports, and correspondence which refer to any aspect of the January 15, 2019, collision made the basis of this claim before notice of this suit was received.

59.    Please provide all letters, memorandums, and other written correspondence which was sent by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, to any

and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

60. Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

61. Please provide the recording of the mechanism installed on the tractor truck that records and documents the time of use/non-use and/or speed of the tractor truck which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

62. Please provide all photographs of the scene of the collision in your possession.

63. Please provide all permits or other documents which authorize JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, to operate as a Motor Carrier at the time of the January 15, 2019, collision which were issued to you or filed by you or on your behalf with the United States Department of Transportation.

64. Please provide all permits or other documents which authorize the transportation of the tractor truck being operated by Cesar Martinez Perez at the time of January 15, 2019, collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

65. Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the January 15, 2019, collision made the basis of this lawsuit.

66. Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

67. Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

68. In the event that the tractor truck in question was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this trailer, specifically their "net worth."

69. Please provide all discoverable correspondence and other documents sent to any testifying expert.

70.     Please provide all discoverable correspondence and other documents received from any testifying expert.

71.     Please provide any and all statements from any witnesses that you intend to use.

72.     Please provide a time and place for the inspection of the tractor truck which is the subject of this lawsuit.

73.     Please provide all and any records indicating an awareness on your part that Cesar Martinez Perez was an unsafe driver.

74.     Please provide all incident reports generated by Cesar Martinez Perez or JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, relating to the collision on January 15, 2019.

75.     Please provide Purchase order and specifications for the tractor truck made the basis of this suit.

76.     With regard to your tractor truck, produce dispatch records for a period of one month prior to the wreck through one week after the wreck.

77.     As to the Defendant company's policies, procedures and programs, produced the following documents and items relating to the following:

        (a) Fleet Safety Program including actions taken to assure that drivers are
            not violating the federal regulations relating to the maximum hours of
            work by drivers and that accurate logs are submitted by the drivers and
            accepted by the Defendant driver for filing, as well as the continued
            testing of drivers for competency and substance abuse;
        (b) Tractor truck maintenance standards, including the standards for the
            parts used to maintain and repair equipment;
        (c) Employee Assistance Program and standards for being allowed to
            attend;
        (d) Driver standards;
        (e) Mechanical standards;
        (f) Dispatcher standards;
        (g) Driver compensation; and
        (h) Termination of drivers.

78.     All medical records obtained by the Defendant company relating to the Plaintiff.

79.     All time sheets, records, notes, work orders and bills for work assigned, work actually performed, and work scheduled but not performed by the Defendant driver for the month preceding the day of the incident made basis of this suit and the week after.

80. Your complete internal investigative file compiled prior to the time that you "anticipated litigation" within the meaning of National Tank Co, vs. Brotherton, 851 S.W. 2d 193 (Tex. 1993), concerning the occurrence in question.

81. The complete in-house investigation conducted by or on behalf of any Defendant, relevant to the incident in question, prior to receiving formal notice of the pending action or that such action was being filed. This request specifically includes, but is not limited to all photographs, movies, videotapes, audiotapes, reports, memoranda, correspondence, written statements and all correspondence between or with any Defendant, DPS, OSHA, DOT, ICC, NHTSA, NTSB, or any other federal, state or governmental agencies.

82. All citations from DPS, OSHA, DOT, ICC, NTSB, NHTSA or any other federal or state agency received by this Defendant in the three-year period preceding, including, and since the date in question.

83. Please produce all of the Defendant driver's medical records, psychological and/or mental health reports and tests for the previous five years.

84. Personnel files of all employees or vice-principals who were responsible for the hiring, training, retention and supervision of the Defendant driver.

85. Please provide all citations received from the State of Texas regulatory agencies (including DOT, Railroad Commission and DPS) or any federal agency relevant to motor vehicle fleet operations during the 24-month period prior to the occurrence in question.

86. Any documents dealing with the route taken on the day of the incident in question by the Defendant driver. Include any documents or applications, approved, or not approved, relating to the Texas Department of Transportation and your authority to drive the tractor truck on the route where the incident made basis of this suit occurred.

87. Please produce the following:

1. All emails sent or received by Defendant Cesar Martinez Perez between January 10, 2019 and February 10, 2019,

2. All text messages sent or received by Defendant Cesar Martinez Perez between January 10, 2019 and February 10, 2019,

3. Produce the ESI for the cell phone(s) used by Defendant Cesar Martinez Perez on January 15, 2019, including but not limited to the cell phone, sufficient to show the following:

a. The dates and times of any phone calls made or received on January 15, 2019, as well as the outgoing and incoming phone number,

b. All text messages sent or received (including the complete contents of same) on January 15, 2019,

c. All text messages sent or received (including the complete contents of same) January 10, 2019 and February 10, 2019, that refer or relate to motor vehicle accident of January 15, 2019, and any work-related texts. Alternatively, Defendants may produce for inspection and copying the cell phone(s) responsive to this request on January 15, 2019, at the office of counsel for Defendants, JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, and Cesar Martinez Perez or another mutually agreeable location. Such copying shall be restricted to the areas of information listed above. The copying, testing, and analysis to be used shall be Cellebrite or similar type mobile forensic tools.

88.     A Privilege Log which includes the information required by Instruction No. 6, above.

## XIV.
## REQUEST FOR ADMISSIONS TO DEFENDANTS

14.1     Plaintiff makes the following **separate** Requests for Admissions to Defendant CESAR MARTINEZ PEREZ, Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., and Defendant JAMS LOGISTICS LLC, pursuant to Rule 198 of the Texas Rules of Civil Procedure.  Responses are due 50 days after service of these Requests and should be made to the address of Plaintiff's attorney. Defendants must specifically admit or deny each Request.  A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT CESAR MARTINEZ PEREZ

1. Admit or deny that CESAR MARTINEZ PEREZ was the driver of the subject tractor truck (VIN No. 2HSCGAERX2C025633) that was involved in the subject collision with the Plaintiff on **January 15, 2019**.

2. Admit or deny that at the time of the collision made the basis of the suit you were acting within the course and scope of your employment.

3. Admit or deny that CESAR MARTINEZ PEREZ did not maintain a proper lookout at the time of the incident made the basis of the suit.

4. Admit or deny that CESAR MARTINEZ PEREZ failed to control his speed immediately prior to the subject collision.

5. Admit or deny that CESAR MARTINEZ PEREZ was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

6. Admit or deny that CESAR MARTINEZ PEREZ failed to apply his brakes at the time of the incident made the basis of this suit and caused the accident.

6. Admit or deny that CESAR MARTINEZ PEREZ failed to maintain a clear and reasonable distance between the vehicles.

7. Admit or deny that Plaintiff was injured as a result direct and proximate result of CESAR MARTINEZ PEREZ's negligence.

9.        Admit or deny that Plaintiff has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

10.      Admit or deny that Plaintiff will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

11.      Admit or deny that Plaintiff's non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

12.      Admit or deny that Plaintiff incurred damages as a direct result of the incident which is the subject of this lawsuit.

13.      Admit or deny that Plaintiff has incurred physical pain and suffering damages in the past and will continue to incur physical pain and suffering damages in the future.

14.      Admit or deny that Plaintiff has incurred lost wages and loss of earning capacity in the past and will continue to incur lost wages and loss of earning capacity in the future.

15.      Admit or deny that Plaintiff has suffered mental anguish in the past and in the future as a result of the subject collision.

16.      Admit or deny that Defendant CESAR MARTINEZ PEREZ's negligence was the sole cause of the subject collision.

17.      Admit or deny that Defendant CESAR MARTINEZ PEREZ rear-ended the Plaintiff's vehicle.

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT JESUS ANTONIO
BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.**

1.      Admit that the subject tractor truck (VIN No. 2HSCGAERX2C025633)
operated by Cesar Martinez Perez on January 15, 2019, was owned by JESUS
ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.

2.      Admit that the time of the accident on January 15, 2019, Cesar Martinez Perez,
was acting within the course and scope of his employment with JESUS
ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.

3.      Admit that Cesar Martinez Perez failed to keep a proper lookout at the time of
the incident made the basis of this suit and caused the accident.

4.      Admit that Cesar Martinez Perez failed to operate the vehicle in a reasonably
prudent or responsible manner at the time of the incident made the basis of this
suit and was solely responsible for causing this accident.

5.      Admit that at the time of the accident of January 15, 2019, JESUS ANTONIO
BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V., had negligently
entrusted the tractor truck subject of this lawsuit to its employee Cesar
Martinez Perez.

6.      Admit that JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ
S.A. DE C.V., negligently hired, supervised and/or retained Cesar Martinez
Perez during his employment.

7.      Admit that Cesar Martinez Perez failed to maintain a clear and reasonable
distance between the vehicles.

8.      Admit or deny that Defendant PEREZ rear-ended the Plaintiff's vehicle.

9.      Admit or deny that Plaintiff has incurred reasonable and necessary medical
expenses as a direct result of the incident which is the subject of this lawsuit.

10.     Admit or deny that Plaintiff will incur reasonable and necessary future
expenses as a direct result of the incident which is the subject of this lawsuit.

11.     Admit or deny that Plaintiff's non-economic damages are as a direct result of
the incident which is the subject of the lawsuit.

12.     Admit or deny that Plaintiff incurred damages as a direct result of the incident
which is the subject of this lawsuit.

13.     Admit or deny that Plaintiff has incurred physical pain and suffering damages in the past and will continue to incur physical pain and suffering damages in the future.

14.     Admit or deny that Plaintiff has incurred lost wages and loss of earning capacity in the past and will continue to incur lost wages and loss of earning capacity in the future.

15.     Admit or deny that Plaintiff has suffered mental anguish in the past and in the future as a result of the subject collision.

16.     Admit or deny that Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V.'s negligence was a contributing cause of the subject collision.

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT

1.      Admit that the subject tractor trailer (VIN No. 1JJV532W1YL664853) towed by Cesar Martinez Perez on January 15, 2019, was owned by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT.

2.      Admit that the time of the accident on January 15, 2019, Cesar Martinez Perez, was acting within the course and scope of his employment with JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT.

3.      Admit that Cesar Martinez Perez failed to keep a proper lookout at the time of the incident made the basis of this suit and caused the accident.

4.      Admit that Cesar Martinez Perez failed to operate the vehicle in a reasonably prudent or responsible manner at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

5.      Admit that at the time of the accident of January 15, 2019, JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, negligently entrusted the tractor trailer subject of this lawsuit to its employee Cesar Martinez Perez.

6.      Admit that JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, negligently hired, supervised and/or retained Cesar Martinez Perez during his employment.

7.      Admit that Cesar Martinez Perez failed to maintain a clear and reasonable distance between the vehicles.

8.      Admit or deny that Defendant PEREZ rear-ended the Plaintiff's vehicle.

9.      Admit or deny that Plaintiff has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

10.     Admit or deny that Plaintiff will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

11.     Admit or deny that Plaintiff's non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

12.     Admit or deny that Plaintiff incurred damages as a direct result of the incident which is the subject of this lawsuit.

13.     Admit or deny that Plaintiff has incurred physical pain and suffering damages in the past and will continue to incur physical pain and suffering damages in the future.

14.     Admit or deny that Plaintiff has incurred lost wages and loss of earning capacity in the past and will continue to incur lost wages and loss of earning capacity in the future.

15.     Admit or deny that Plaintiff has suffered mental anguish in the past and in the future as a result of the subject collision.

16.     Admit or deny that Defendant JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT's negligence was a contributing cause of the subject collision.

17.     Admit that the subject tractor truck (VIN No. 2HSCGAERX2C025633) operated by Cesar Martinez Perez on January 15, 2019, was owned by JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT.

18.     Admit that at the time of the accident of January 15, 2019, JAMS LOGISTICS LLC D/B/A BENITEZ TRANSPORT, negligently entrusted the tractor truck subject of this lawsuit to its employee Cesar Martinez Perez.

## XV.
## REQUEST FOR TEMPORARY RESTRAINING ORDER

15.1    Plaintiff seeks a temporary restraining order prohibiting Defendant CESAR MARTINEZ PEREZ from using or powering on any cell phone, iPad, table, or other mobile device present in the tractor between January 1, 2019, and January 15, 2019, and commanding CESAR MARTINEZ PEREZ to immediately turn off any cell phone, iPad, tablet, and/or other mobile device present in the tractor between December 15, 2018, and January 15, 2019, until either the device has been downloaded in a manner agreed to by Plaintiff's counsel, or until further order of the Court.

15.2    Plaintiff seeks a temporary restraining order prohibiting Defendant JESUS ANTONIO BENITEZ D/B/A TRANSPORTES BENITEZ S.A. DE C.V. from:

1. Modifying in any way the tractor or trailer involved in the incident made the basis of this lawsuit, specifically the vehicle with VIN No. 2HSCGAERX2C025633.

2. Repairing or destroying any part of the above-described tractor or trailer;

3. Moving the above-described tractor, trailer, or any part thereof;

4. Discarding the above-described tractor, trailer, or any part thereof;

5. Discarding, modifying, altering, or destroying any records regarding the driver of the tractor-trailer, CESAR MARTINEZ PEREZ, including but not limited to logs and log books, receipts, toll records, maintenance records, records of inspections, driver qualification files, driving record checks, drug test results, and all other records;

6. Discarding, modifying, altering, or destroying any records regarding the above-described tractor, including but not limited to repair, maintenance, inspection, lease, and title records;

7. Discarding, modifying, altering, or destroying any records regarding above-described trailer, including but not limited to repair, maintenance, inspection, lease, and title records; and

8. Discarding, modifying, altering, deleting, or destroying any data contained in any crash data recorder or "black box", or any reports or other output created from such data.

15.3    Plaintiff also seeks injunctive relief allowing the attorneys, investigators, and experts to inspect, view, videotape, measure, and photograph the tractor, trailer, tires, wheels, and all component parts thereof, and to enter onto whatever premises where the tractors, trailers, tires, wheels, and all component parts thereof are kept.

15.4    It is probable that Plaintiff will recover in this case because CESAR MARTINEZ PEREZ was negligent in the operation of its tractor-trailer and, as a result of such negligence, Plaintiff was injured.

15.5    If Plaintiff's Application for Temporary Restraining Order is not granted, harm is imminent because the cell phone and mobile device data will be deleted, crash data recorded data will be deleted, and the tractor and trailer will be repaired and evidence will be lost.

15.6    The harm that will result if the Temporary Restraining Order is not issued is irreparable because crucial evidence will be destroyed, discarded, or lost forever.

15.7    Plaintiff has no adequate remedy at law. Texas law does not recognize an independent cause of action for spoliation of evidence.

15.8    There is insufficient time to serve notice on Defendants and to hold a hearing on the application. Plaintiff is willing to post bond if the Court deems it appropriate.

## XVI.
## REQUEST FOR TEMPORARY INJUNCTION

Plaintiff also asks that the Court set this application for a hearing, and after hearing the application, issue a temporary injunction.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **ALEJANDRO ORTIZ**, respectfully prays that the Defendant **CESAR MARTINEZ PEREZ,** Defendant **JESUS ANTONIO BENITEZ d/b/a TRANSPORTES BENITEZ S.A. DE C.V.,** and Defendant **JAMS LOGISTICS LLC d/b/a BENITEZ TRANSPORT**, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877

By:   **/s/ Javier Villarreal**

Javier Villarreal
State Bar No. 24028097
Daniel A. Torres
State Bar No. 24046985
Mike Trevino
State Bar No. 24093280
**COUNSEL FOR PLAINTIFF**

## PLAINTIFF DEMANDS A TRIAL BY JURY

## COURTESY NOTICE TO DEFENDANTS

If you had insurance at the time of the accident, please forward a copy of this petition to

your insurance company ***immediately***.

Adjuster: Lewis Boykin
Qualitas Insurance Company
231 Ridge Road Suite 101
PMB 106
Rockwall, Texas 75032
Tel: (619) 340-0572
lboykin@qualitasins.com

Re. Claim No. 8705
Insured: Jesus Antonio Benitez Saenz
Claimant: Alejandro Ortiz
Date of Loss: January 15, 2019