**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ALEJANDRO ORTIZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-21 |
| | § | |
| CESAR MARTINEZ PEREZ ET AL., | § | |
| Defendants | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On July 6, 2021, the Court received a Motion for Summary Judgment filed by Defendant "JAMS LOGISTICS, LLC D/B/A BENITEZ TRANSPORT" (hereinafter, "JAMS' Motion" or "JAMS' Motion for Summary Judgment"). Dkt. No. 15. For the reasons provided below, it is recommended that the Court **GRANT** JAMS' Motion.

**I. Jurisdiction**

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

**II. Summary Judgment Standard**

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise

proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. 242, 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not issue. *Id*. at 249.

The movant seeking summary judgment bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. 242, 257. All facts and inferences drawn from those facts must be viewed in the light most favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

### III. Discussion

This civil action arises out of an auto accident that occurred on January 15, 2019. Dkt. No. 1-6 at 3; Dkt. No. 15 at 3. Plaintiff Alejandro Ortiz alleges that Defendant Cesar Martinez Perez negligently failed to control his speed and rear-ended him. Dkt. Dkt. No. 1-6 at 3, 8-9. Ortiz states that Perez did this while driving a "tractor" owned by Defendant Jesus Antonio Benitez d/b/a Transportes Benitez SA de CV (hereinafter, "Benitez"),

which was towing a trailer owned by Defendant "JAMS LOGISTICS, LLC D/B/A BENITEZ TRANSPORT" (hereinafter, "JAMS'"). *Id.*

JAMS filed its Motion for Summary Judgment on July 6, 2021. Dkt. No. 15. Among other things, JAMS argues that it is entitled to summary judgment because: (1) JAMS was not Perez's employer; (2) JAMS had no association or relationship with Perez, whatsoever; (3) Benitez employed Perez; (4) JAMS merely leased the trailer to Benitez for its independent business purposes; (5) the "trailer had nothing to do with the accident[;]" (6) JAMS had no duty to Ortiz; and, (7) Ortiz cannot produce evidence or authority allowing it to proceed against JAMS. *Id.* at 1-4, 11-12; Dkt. No. 1 at 3.[1]

Ortiz's response to JAMS' Motion was due no later than July 27, 2021. *See* Rules 7.2 and 7.3 of the Local Rules of the United States District Court for the Southern District of Texas (noting that unopposed motions will be "considered as soon as practicable," and opposed motions will be considered "21 days from filing without notice from the clerk and without appearance by counsel."); Rule 6(C)(2), Civil Procedures of Judge Rolando Olvera (noting that responses to opposed motions must be "filed within 21 days from the date the motion was filed with the District Clerk's Office"). On July 29, 2021, after receiving no response from Ortiz, the Court issued an Order and Notice. Dkt. No. 16. In relevant part, the Order and Notice stated:

> As Plaintiff Alejandro Ortiz has not filed a response to JAMS' Motion, it is not clear if he opposes the relief requested in JAMS' Motion. Accordingly, Ortiz is **NOTIFIED** that the Court will construe JAMS' Motion for Summary Judgment as an agreed, unopposed motion, and will grant the

---

[1] In its Notice of Removal, JAMS also asserts that it is not a proper defendant in this lawsuit, and that Ortiz's naming of JAMS as a defendant constitutes "fraudulent joinder for purposes of defeating diversity jurisdiction." Dkt. No. 1 at 3. JAMS' Notice of Removal "incorporates" its Motion for Summary Judgment, arguing that it has established fraudulent joinder by showing that Ortiz cannot establish a cause of action against it in state court as a matter of law. *Id.* at 3-4. Ortiz has not filed a motion for remand or otherwise contested JAMS' fraudulent joinder allegations.

motion, unless Ortiz files a response to JAMS' Motion **on or before August 6, 2021**.

*Id*. at 1.  To date, Ortiz has not filed a response to JAMS' Motion, or otherwise contested the factual or legal allegations contained therein.  Accordingly, JAMS has shown its entitlement to summary judgment and Ortiz has not opposed this relief.  It is, therefore, recommended that the Court **GRANT** JAMS' Motion.

### IV. Recommendation

For the reasons provided above, it is recommended that the Court **GRANT** JAMS' Motion for Summary Judgment.  Dkt. No. 15.

### V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **11th** day of **August, 2021**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge